UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIGNESH LEVA,<br><br>    Plaintiff,<br><br>    v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>    Defendant. | No. 1:20-cv-01102-NONE-JLT<br><br>ORDER GRANTING UNOPPOSED MOTION TO COMPEL ARBITRATION<br><br>(Doc. No. 10) |

Before the court is a motion to compel arbitration brought by defendant BMW of North America, LLC, seeking enforcement of an arbitration agreement against plaintiff Jignesh Leva. (*See* Doc. No. 10.) The underlying suit alleges claims for breach of implied warranty of merchantability and breach of express warranty, both brought under California's Song-Beverly Consumer Warranty Act and related to a vehicle leased by plaintiff. (Doc. No. 1-2, Ex. A at 5–13.) This action was originally filed on July 6, 2020, in the Kern County Superior Court,[1] and was removed to this federal district court on August 5, 2020. (Doc. No. 1 at 2, 6.)

---

[1] Defendant's notice of removal states that this action was commenced on September 25, 2107, and that it was filed in the Los Angeles County Superior Court. (Doc. No. 1 at 2, ¶ 1.) Neither of those facts appears to be correct. A declaration submitted by defendant's attorney states instead that plaintiff entered into his lease agreement on September 25, 2017. (Doc. No. 1-1 at ¶ 4.) A copy of the state court complaint indicates the action was commenced on July 6, 2020, in the Kern County Superior Court. (Doc. No. 1-2, Ex. A at 5.) The complaint also states that the subject lease agreement was executed on September 25, 2017. (*Id.* at 6, ¶ 5.)

1

1    On April 6, 2021, defendant filed a motion to compel arbitration. (Doc. No. 10.) In it, defendant argues that it may enforce an arbitration agreement between the lessor-dealership and the lessee-plaintiff even though it is a non-signatory, either through a theory of equitable estoppel or a theory that defendant is a third-party beneficiary of the lease agreement. (*See id*.) The deadline for plaintiff to oppose the pending motion passed without plaintiff filing either an opposition or a statement of non-opposition as required under Local Rule 230(c). On July 22, 2021, the court entered a minute order that, among other things, noted plaintiff's non-response on the docket. (Doc. No. 13.) Again, plaintiff did not respond. "A failure to file a timely opposition may also be construed by the court as a non-opposition to the motion." L.R. 230(c).

Faced with this unopposed motion, the court has examined the relevant authorities, including *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122 (9th Cir. 2013). In that case the Ninth Circuit held, in part, that the doctrine of equitable estoppel did not allow a non-signatory automobile manufacturer to compel arbitration on claims brought for breach of the implied warranty of merchantability. 705 F.3d at 1128–32. The appellate court also held that under California law, arbitration could not be compelled in that case because the claims did not intimately rely on the existence of the purchase agreement, insofar as those claims could still be stated even if purchaser had paid cash for the vehicle instead of using credit financing. 705 F.3d at 1132. Here, defendant argues that *Kramer* does not bar its equitable estoppel argument because the terms of this arbitration agreement are broader than those at issue in *Kramer*. (Doc. No. 10 at 16.) Defendant does not cite any authority in support of that argument, but rather only quotes the terms at issue. Further, the court has not found, and defendant has not cited, any similarly on-point Ninth Circuit authority addressing third-party beneficiaries and automobile purchases or leasing. Because plaintiff has not opposed the motion to compel arbitration, because no authority clearly barring defendant's request has been brought to the court's attention, and because the terms of the arbitration agreement here appear notably broader on their face than the terms at issue in *Kramer*, the court will grant defendant's motion.

Finally, defendant requests that the court stay this matter pending arbitration. (Doc. No. 10 at 19.) However, defendant has not supported its request with the relevant analysis. *See Villa*

1 | *v. Gruma Corp.*, No. 1:19-cv-01721-DAD-BAM, 2020 WL 433098, at *2 (E.D. Cal. Jan. 28,
2 | 2020). In addition, plaintiff's lack of engagement with the pending motion may be construed as a
3 | general disinterest in the continued prosecution of this case. For those two reasons, and given the
4 | fact that both of plaintiff's claims appear arbitrable, the court will exercise its discretion to
5 | dismiss this action. *See id.* The request to stay this matter pending arbitration will be denied.

Accordingly, IT IS HEREBY ORDERED that:

1. Defendant's motion to compel arbitration (Doc. No. 10) is GRANTED in light of the fact that plaintiff did not file an opposition and with no clear authority precluding defendant's request having been presented to the court;
2. The parties shall arbitrate this matter in accordance with the terms of the arbitration agreement signed by plaintiff as part of the vehicle lease agreement;
3. The matter is DISMISSED without prejudice; and
4. The Clerk of the Court is directed to assign a district judge to this matter for purposes of closure and to close this case.

IT IS SO ORDERED.

Dated: **September 3, 2021**

_____
UNITED STATES DISTRICT JUDGE

3